Kane, J.
In this appeal of a trial judge’s findings of speeding violations, defendant asks us to review the pretrial failure of the police to informally provide written answers to defendant’s comprehensive queries on radar and the citing officers’ training and experience in radar. Finding defendant’s requests to soar beyond any right to reasonable, informal inspection of relevant, accessible information, we find no undue denial of discovery.
Defendant’s informal interrogatories transmitted between the clerk’s and judge’s hearings called for “prompt” responses by the Rehoboth police to six categories oi information, including, for example, the radar machine’s repair history including the dates and nature of repairs. The respondent was, moreover, called upon to provide separate series of written answers for each citation. No written answers were provided but the radar file accompanied the citing officers to the judge’s hearing.
While it may well be unreasonable and arbitrary for the police to deny a defendant’s “pretrial request to inspect documents ... on file in the police department,” this right of reasonable, informal access to information is not implicated in the case of interrogatories requiring production of detailed written answers. See Newton Police Department v. DeVasher, 1990 Mass.App.Div. 4. (emphasis added) Any right to informal inspection ofpolice files announced in De Vasher was carefully narrowed to “reasonable access to clearly identified information or material... relevant to dispositive trial issues... [that] is readily available to, or can be produced without undue expense and burden by, the party to whom the request is made. Id. at 5. In so circumscribing informal inspection rights, the Court was mindful that more elaborate discovery would undercut the “prompt and informal determination of civil motor vehicle infractions” that the Rules were designed to promote. Id. at 5.
Turning to this case, we find no violation of any right to informal inspection of accessible records in the Rehoboth police department’s refusal to produce answers to defendant’s comprehensive interrogatories. Defendant was not asking for inspection butproduction requiring time and expense. Such interrogatories appropriate to traditional civil litigation are not appropriate to informal discovery or conducive to the streamlined adjudication of civil motor vehicle violations.[1]
There being no error, the adjudication is affirmed. The payment of all assessments is suspended for thirty (30) days from the date the clerk gives notice of this opinion to the parties.

 Courts possess inherent authority to order discovery but this power in civil motor vehicle cases should be “sparingly” exercised, Comm. v. Kinstler, 1988 Mass.App.Div. 169, 170.